## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CATO INSTITUTE,

      Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION
and UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendants.

Civil Action No. 20-3338-JEB

## PLAINTIFF'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR

## SUMMARY JUDGMENT

Matthew Topic, D.C. Bar No. IL0037
Josh Loevy, D.C. Bar No. IL0105
Merrick Wayne, D.C. Bar No. IL0058
Shelley Geiszler, D.C. Bar No. IL0087
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

**TABLE OF CONTENTS**

I.      ARGUMENT ................................................................................................................1

        A.      Defendants were required to search Guardian because Plaintiff expressly asked
                for it to be searched and it is likely to have responsive records ..............................1

        B.      The CRS does not contain non-investigative records and is therefore insufficient
                to satisfy a request that is not limited to investigative records ...............................3

        C.      Defendants have not searched for unindexed emails ...............................................4

        D.      Defendants have not searched for unapproved pre-case incident and assessment
                entries ......................................................................................................................4

        E.      Defendants have still not adequately proven their privacy claims as to the
                information challenged in Plaintiff's opening brief .................................................5

II.     CONCLUSION ............................................................................................................6

## TABLE OF AUTHORITIES

*Cases*

*Aguiar v. DEA*, 865 F.3d 730 (D.C. Cir. 2017) ...............................................................................2

*Bartko v. DOJ*, 167 F. Supp. 3d 55 (D.D.C. 2016)..........................................................................2

*Campbell v. DOJ*, 164 F.3d 20 (D.C. Cir. 1998) ....................................................................1, 2, 3

*Canning v. DOJ*, No. 01- 2215 (D.D.C. May 27, 2005)...................................................................6

*Colgan v. DOJ*, No. 14-CV-740 (TSC), 2020 WL 2043828 (D.D.C. Apr. 28, 2020).................... 4

*Juarez v. DOJ*, 518 F.3d 54 (D.C. Cir. 2008) ..................................................................................6

*Kowalczyk v. DOJ*, 73 F.3d 386 (D.C. Cir. 1996) ........................................................................ 2

*Larson v. Dep't of State*, 565 F.3d 857 (D.C. Cir. 2009)................................................................6

*Mobley v. CIA*, 806 F.3d 568 (D.C. Cir. 2015)...................................................................... 1, 2, 3

*Mobley v. CIA*, 924 F. Supp. 2d 24 (D.D.C. 2013)..........................................................................6

*Oglesby v. Dep't of Army*, 920 F.2d 57 (D.C. Cir. 1990) ........................................................... 3, 4

*Rosenberg v. ICE*, 13 F. Supp. 3d 92 (D.D.C. 2014)..................................................................... 2

*Spirko v. U.S. Postal Serv.*, 147 F.3d 992 (D.C. Cir. 1998).......................................................... 6

*Other Authorities*

Sen. Dick Durbin, *Durbin, Grassley Press FBI on Reports of Widespread Rule-Breaking in
    Sensitive Investigations* (March 29, 2022)............................................................................5

FBI Inspection Division, 2013 Domestic Investigations and Operations Guide: An Audit of
    Assessments and Investigations Opened Between May 1, 2013 and April 30, 2014..........5

FBI Inspection Division, 2019 Domestic Investigations and Operations Guide Audit..................5

Defendants' response brief and additional declaration are insufficient to establish that Defendants conducted a reasonable search for non-investigative records, emails, and Guardian incident and assessment entries, or that all of the challenged information withheld based on the privacy exemptions is actually identifying. The Court should therefore grant summary judgment to Plaintiff on these issues.[1]

## I.    ARGUMENT

### A.    Defendants were required to search Guardian because Plaintiff expressly asked for it to be searched and it is likely to have responsive records.

The D.C. Circuit explained in *Campbell* that the FBI may generally exclude systems beyond the CRS if they are likely to produce only marginal returns ***unless*** the requester had "expressly ask[ed]" that additional systems be searched and those additional systems are reasonably likely to have responsive records. *Campbell v. DOJ*, 164 F.3d 20, 27-28 (D.C. Cir. 1998); *see also Mobley v. CIA*, 806 F.3d 568, 582 (D.C. Cir. 2015) ("Although an agency may not ignore a request to search specific record systems when a request reaches the agency before it has completed its search, *cf. Campbell*, 164 F.3d at 28, a search is generally adequate where the agency has sufficiently explained its search process and why the specified record systems are not reasonably likely to contain responsive records [citation]."). There is no dispute that Plaintiff expressly asked for a search of Guardian or that that Guardian is the kind of system reasonably likely to contain responsive records. Defs.' SMF ¶ 1; 2d Seidel Decl. ¶¶ 10-11 (explaining that suspicious activity and threat-related information is stored in Guardian). Nothing more is needed to require Defendants to search Guardian here.

Defendants claim in response that a requester who asks that a specific system reasonably likely to have responsive records must also identify a "clear and certain lead." Def. Resp. at 5.

---

[1] Based on the additional information provided in the second Seidel declaration, Plaintiff does not challenge Defendants' refusal to search eGuardian.

But that mischaracterizes *Mobley*: after discussing the "clear and certain lead" doctrine, the D.C. Circuit explained that where a requester asks that a specific system be searched, an agency must do so unless it "has sufficiently explained its search process and why the specified record systems are not reasonably likely to contain responsive records[.]"  806 F.3d at 582.  Indeed, an agency's obligation to follow clear and certain leads applies even if the requester has not asked that the additional systems be searched.  *Kowalczyk v. DOJ*, 73 F.3d 386, 389 (D.C. Cir. 1996) ("If, on the other hand, the requester clearly states that he wants all agency records on a subject, *i.e.*, regardless of their location, but fails to direct the agency's attention to any particular office other than the one receiving the request, then the agency need pursue only a lead it cannot in good faith ignore, *i.e.*, a lead that is both clear and certain.").  Thus, Defendants must search Guardian as Plaintiff requested, ***regardless*** of whether the CRS search or anything else pointed to any leads of unique documents located only in Guardian, *see* Def. Resp. at 2, because Guardian is the kind of system that is likely to have responsive records. *Campbell*, 164 F.3d at 27-28.

In addition, Defendants have still not "incanted the magic words" that they searched "all locations likely to contain responsive documents."  *Bartko v. DOJ*, 167 F. Supp. 3d 55, 64 (D.D.C. 2016).  *Compare* Def. Resp. at 3 ("the CRS is the FBI system where all records responsive to Plaintiff's request would reasonably be found" (quoting 2d Seidel Decl. ¶ 5)) *with Rosenberg v. ICE*, 13 F. Supp. 3d 92, 103 (D.D.C. 2014) (finding that FBI established that the CRS was a reasonable search only after submitting a third declaration stating that "the CRS is the ***only*** FBI system of records where responsive records would reasonably reside" (emphasis added)).  Instead, Defendants conflate whether the system they searched is likely to have all responsive records with whether they have searched all systems likely to have responsive

records.  *See* Def. Resp. at 1 (mischaracterizing Plaintiff's argument as whether the searched locations "are likely to contain all responsive records"); Pl. Resp. at 7 ("Defendants must establish that unsearched files are not likely to contain responsive material, not just that unsearched files are not likely to contain unique responsive material.").

The Court should therefore order a search of Guardian.

**B.      The CRS does not contain non-investigative records and is therefore insufficient to satisfy a request that is not limited to investigative records.**

Even if Defendants could rely on the argument that a search of additional systems would be redundant and even if they incanted the magic language, their claim that all responsive records would be found in the CRS is inconsistent with the scope of the request and their descriptions of the CRS.  *See Mobley*, 806 F.3d at 581 (agency search affidavits not entitled to presumption of good faith where they have been adequately rebutted).

Defendants admit that the CRS only contains investigative records and only when FBI personnel consider the information of sufficient investigative interest.  Def. Resp. at 3 (CRS contains only of records of "investigative interest for future retrieval" (quoting 2d Seidel Decl. ¶ 5)).  But the request is not limited to records of investigative interest.  Defs.' SMF ¶ 1. Defendants have made no effort to search for non-investigative records or records of insufficient investigative interest to warrant CRS indexing, and therefore have not met their burden of conducting a reasonable search for "all relevant documents."  *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Aguiar v. DEA*, 865 F.3d 730, 738 (D.C. Cir. 2017); *Campbell*, 164 F.3d at 27 (FOIA demands "a reasonable search tailored to the nature of a particular request").

Contrary to Defendants' argument, it does not matter whether Defendants' search of the CRS generated any leads to other systems, *see* Def. Resp. at 2-5, because the initial search was not reasonable in the first place.  *See Campbell*, 164 F.3d at 28.  And because the CRS contains

only materials of investigative interest to the FBI, it would be unlikely ever to contain leads to other materials that are not.  Therefore, permitting the FBI to search only the CRS unless the CRS points to the existence of non-investigative records would rarely result in any non-investigative records being produced and effectively make non-investigative records secret in violation of FOIA whenever FBI elects not to search for them.

### C.    Defendants have not searched for unindexed emails.

Defendants similarly admit that emails are only found in the CRS when they have been indexed based on investigative value.  2d Seidel Decl. ¶ 14; Def. Resp. at 3.  No search has been made for emails not deemed to be of investigative value, and therefore, the search was not reasonably likely to locate all responsive records.  *Oglesby*, 920 F.2d at 68; *Colgan v. DOJ*, No. 14-CV-740 (TSC), 2020 WL 2043828, at *6 (D.D.C. Apr. 28, 2020) (noting that "the FBI does not claim, nor could it, that CRS contains all FBI records and emails" and finding search of CRS inadequate).

### D.    Defendants have not searched for unapproved pre-case incident and assessment entries.

Defendants admit that Guardian pre-case incident and assessment entries are only indexed into CRS if a supervisor reviews and approves the entries.  2d Seidel Decl. ¶ 10 ("After the SSA approves the incident entry, Guardian automatically generates an FD-71a complaint form, and the information from the FD-71a is automatically entered in the Sentinel system.").  Thus, unapproved Guardian entries are not indexed into CRS and a search of CRS would not capture such unapproved entries.

Far from hypothetical, FBI internal audits have revealed widespread instances of the FBI not complying with its own rules regarding the initiation and handling of assessments, and therefore, unapproved Guardian entries are reasonably likely to exist, and would not be captured

- 4 -

by a CRS search.  Sen. Dick Durbin, *Durbin, Grassley Press FBI on Reports of Widespread Rule-Breaking in Sensitive Investigations* (March 29, 2022)[2] ("These widespread and apparently systemic violations of approval and notification requirements make clear that the FBI has failed to rigorously adhere to the DIOG[.]  The sheer number of FBI investigations that failed to comply with the DIOG's rules suggests a pattern and practice of evading the rules, which consequently opens the door for political and other improper considerations to infect the investigative decision-making process."); *see also* FBI Inspection Division, 2019 Domestic Investigations and Operations Guide Audit,[3] at 3 ("An audit of 1,420 cases resulted in 997 non-compliance errors."); FBI Inspection Division, 2013 Domestic Investigations and Operations Guide: An Audit of Assessments and Investigations Opened Between May 1, 2013 and April 30, 2014,[4] at 5 ("A total of 1,894 Assessments/Predicated Investigations were audited for compliance with 215 errors identified[.]").  As such, it is hardly unreasonable to require Defendants to search Guardian for any entries that were never approved and thus never indexed, especially given that the public interest in such materials is particularly high.

E.    **Defendants have still not adequately proven their privacy claims as to the information challenged in Plaintiff's opening brief.**

Defendants initially stated that the information withheld based on the privacy exemptions "includes, but is not limited to names, telephone numbers, email addresses, dates of birth, social security numbers, residences, professional titles and occupations, and driver's license numbers." Seidel Decl. ¶ 46 n.20.  Defendants have now dropped the "but is not limited to" limitation; dropped telephone numbers and email addresses from the list; and added "educational

---

[2]  https://www.durbin.senate.gov/newsroom/press-releases/durbin-grassley-press-fbi-on-reports-of-widespread-rule-breaking-in-sensitive-investigations
[3] https://media.washtimes.com/media/misc/2022/03/11/audit.pdf
[4]  https://media.washtimes.com/media/misc/2022/05/19/FBI_Compliance_and_Mitigation_2013-2014.pdf

information." 2d Seidel Decl. ¶ 18-19. This only adds to the confusion about exactly what information is being withheld, and does not establish that even with names redacted, there is no segregable information that is non-identifying.

That concern is amplified by Defendants' statement that "[f]urther description of the information withheld beyond what is provided here and in the First Seidel Declaration risks identifying the actual exempt information protected by the FBI," which suggests there is more that Defendants have not revealed about the type of information being withheld. 2d Seidel Decl. ¶ 19. In such circumstances, the appropriate resolution is either *in camera* review of the records by the Court, or the submission of *in camera* declarations. DOJ Guide to FOIA, Litigation Considerations, at 85-87 ("*in camera* affidavits are frequently utilized . . . . in Exemption 7(C) cases" (citing *Canning v. DOJ*, No. 01- 2215, slip op. at 6 (D.D.C. May 27, 2005)); *Mobley v. CIA*, 924 F. Supp. 2d 24, 68 (D.D.C. 2013) (utilizing *in camera* declarations); *Larson v. Dep't of State*, 565 F.3d 857, 869–70 (D.C. Cir. 2009) ("*In camera* review is available to the district court if the court believes it is needed 'to make a responsible *de novo* determination on the claims of exception.'" (quoting *Juarez v. DOJ*, 518 F.3d 54, 60 (D.C. Cir. 2008))); *Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 996 (D.C. Cir. 1998) ("*in camera* inspection may be particularly appropriate when . . . the agency affidavits are insufficiently detailed to permit meaningful review of exemption claims").

## II.      CONCLUSION

Had Plaintiff requested only "records referencing Cato Institute that the FBI deemed to be of investigative value and for which FBI complied with all applicable Guardian approval rules," and had Plaintiff not specifically requested a search of Guardian, Defendants may be correct that their search was adequate. But Plaintiff's request is not so limited, and Defendants have refused to conduct a search that would likely turn up records that were not deemed to have

- 7 -

been of investigative interest or for which FBI failed to obtain the approval required for a Guardian entry to be indexed in CRS. Defendants have not met their burden and should be ordered to conduct supplemental searches of their email systems and Guardian.

In addition, Defendants have not adequately established that all of the information withheld under the privacy exemptions would be identifying, as required for the exemptions to apply. The Court should therefore review the records *in camera* and/or order Defendants to submit *in camera* declarations addressing the material in more detail.

Dated: September 2, 2022

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

_____
Attorneys for Plaintiff
Matthew Topic, D.C. Bar No. IL0037
Josh Loevy, D.C. Bar No. IL0105
Merrick Wayne, D.C. Bar No. IL0058
Shelley Geiszler, D.C. Bar No. IL0087
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com