**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CATO INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | Civil Action No. 20-3338-JEB |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Nearly one year after this Court entered judgment in favor of Defendants, the Federal Bureau of Investigation and Department of Justice, Plaintiff Cato Institute has filed a Motion for Relief from Judgment, ECF No. 40. Plaintiff claims that an FBI declaration describing a FOIA search in another matter, *Watkins Law & Advocacy, PLLC v. DOJ*, No. 17-cv-1974 (filed Sept. 25, 2017) (Jackson, J.)—which was publicly available years before this case was filed—sufficiently undermines this Court's opinion such that the case should be reopened. Plaintiff comes nowhere close to overcoming the high bar of finality set forth by Rule 60(b) of the Federal Rules of Civil Procedure. The *Watkins* declaration, having been posted on the D.D.C. public docket for years, could have been discovered with reasonable diligence during the pendency of this case. And there has been no misrepresentation by Defendants; both declarations' description of the Central Records System (CRS) is consistent—the *Watkins* declaration simply describes a different approach to a different FOIA request.

## I. Background

Judgment was entered in this case on November 2, 2022, ECF No. 33, after the Court held that the FBI's search of the CRS in response to Plaintiffs' request for "any records regarding the Cato Institute" was adequate and that the FBI's withholdings were reasonable, Mem. Op. 1, ECF No. 34. With respect to the adequacy of the FBI's search, the Court relied on two statements by the FBI to conclude that the search was reasonable: (1) the statement that "'all records responsive to Plaintiff's request would reasonably be found' in the CRS database" and (2) the "statement that 'searches of any other locations would be unduly burdensome, duplicative, and unlikely to yield results not found via the CRS index search." *Id.* at 7 (emphasis omitted) (quoting 2d Seidel Decl. ¶ 5; 1st Seidel Decl. ¶ 11).

Years before this case was filed, an unrelated plaintiff—Watkins Law & Advocacy, PLLC—submitted FOIA requests to several agencies, including the FBI, seeking, among other things, "memorandums of understanding between the VA and DOJ or the FBI 'concerning or relating to submission by the VA to the DOJ/FBI of information on persons to be prohibited from purchasing a firearm.'" *Watkins L. & Advoc., PLLC v. DOJ*, 78 F.4th 436, 440 (D.C. Cir. 2023). Unsatisfied with the FBI's response to its request, Watkins filed a complaint on September 25, 2017. Compl., No. 17-cv-1974, ECF No. 1. The FBI moved for summary judgment on December 10, 2018, and, in support, submitted a declaration from then-Chief of the Record/Information Dissemination Section, David M. Hardy. 1st Hardy Decl., No. 17-cv-1974, ECF No. 20-5. Just as Mr. Seidel explained in this case, Mr. Hardy described the CRS as "an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its integrated missions and functions as a law." *Compare* 1st Seidel Decl. ¶ 12, ECF No. 26-1, *with* 1st Hardy Decl. ¶ 23. Mr. Hardy continued that although "[i]t is the FBI's practice to search the . . . CRS . . . to determine if the FBI

has records about a particular subject in response to most FOIPA requests . . . , in this particular case, [Watkins] requested memorandums, policies, and other communication-related documents not specifically tied to an FBI investigation." *Id.* ¶ 31. Accordingly, based on the unique nature of Watkins's request—namely, that it did not concern "a particular subject," but rather general agency documents—the FBI searched elsewhere. *Id.* ¶¶ 32–39. Mr. Hardy elaborated on this difference in a subsequent declaration:

> The reasons records were not anticipated to be found in the CRS were because (1) the type of record Plaintiff sought is not typically found in the CRS; and (2) an index search generally captures records that have been indexed to serve the needs of the FBI as a law enforcement agency, in particular the needs of investigators and FBI staff in performing their duties, but such index searches will not necessarily capture records in response to more nuanced search requests for particular aspects of FBI investigations or programs, as sought by Plaintiff.

2d Hardy Decl. ¶ 7, No. 17-cv-1974, ECF No. 29-1.

The district court held that the FBI's search was reasonable on September 30, 2019, *Watkins L. & Advoc., PLLC v. VA*, 412 F. Supp. 3d 98, 117 (D.D.C. 2019), which the Court of Appeals affirmed on August 18, 2023, *Watkins L. & Advoc., PLLC*, 78 F.4th at 444 ("The FBI declarations 'describe[] with particularity the files that were searched, the manner in which they were searched, and the results of the search,' and show that the agency made 'a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested'" (quoting *Steinberg v. DOJ*, 23 F.3d 548, 552 (D.C. Cir. 1994); *In re Clinton*, 970 F.3d 357, 367 (D.C. Cir. 2020))).

Turning back to this case, Plaintiff filed its Notice of Appeal on December 21, 2022, ECF No. 36. Briefing in that appeal, No. 22-5342 (D.C. Cir.), was completed on June 16, 2023. Plaintiff subsequently submitted a Notice of Supplemental Authority to the Court of Appeals, indicating that Mr. Hardy's December 10, 2018, declaration in *Watkins* bore on the issue of whether the FBI's "CRS search would have located all responsive non-investigative records." Letter from Stephen

Stich Match, Loevy & Loevy, to Mark Langer, Clerk, Court of Appeals for the D.C. Circuit (Sept. 15, 2023). The government responded to Plaintiff's Notice, explaining that (1) the circumstances of *Watkins* were different from this case, namely because *Watkins* involved "a narrow request for policy-related records regarding a particular FBI-administered program" and (2) the cited *Watkins* declaration states that the CRS includes records beyond investigative files. *See* Letter from Kevin J. Kennedy, DOJ, to Mark Langer, Clerk, Court of Appeals for the D.C. Circuit (Sept. 22, 2023). On October 19, 2023, Plaintiff filed the pending Motion for Relief from Judgment in this Court. The Court of Appeals held oral argument on October 25, 2023.

## II. Legal Standard

Judgments are meant to be final. "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *See Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)). There are, however, certain limited circumstances in which a district court may revisit a case after judgment has been entered. As relevant to this case, Rule 60(b) of the Federal Rules of Civil Procedure provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2)–(3).

A Rule 60(b) motion does not withdraw appellate jurisdiction. *See Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991). Therefore, a district court cannot grant such a motion while an appeal is ongoing; the district court can only deny the motion or *indicate* that it would grant the motion, after which the court of appeals may remand the case. *See Smith v. Pollin*, 194 F.2d 349, 350 (D.C. Cir. 1952); *Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 83–84 (D.D.C. 2009).

## III. Argument

Plaintiff's Motion should be denied because (1) Mr. Hardy's declaration was publicly available years before this case was filed and is consistent with Mr. Seidel's declaration and (2) Defendants committed no misconduct by not attaching Mr. Hardy's declaration—which is irrelevant to this case—to their Motion for Summary Judgment.

### A. Rule 60(b)(2): The *Watkins* Declaration Is Not Newly Discovered Evidence That Could Not Have Been Discovered While This Case Was Pending.

First, there is no basis to relieve Plaintiff from judgment pursuant to Rule 60(b)(2). Courts in this district require the movant to show the following:

> (1) the newly discovered evidence is of facts that existed at the time of trial or other dispositive proceeding; (2) the party seeking relief was justifiably ignorant of the evidence despite due diligence; (3) the evidence is admissible and is of such importance that it probably would have changed the outcome; and (4) the evidence is not merely cumulative or impeaching.

*See Gray v. Staley*, 320 F.R.D. 324, 325 (D.D.C.) (quoting *West v. Holder*, 309 F.R.D. 54, 57 (D.D.C. 2015)), *aff'd*, 707 F. App'x 2 (D.C. Cir. 2017). Documents that are publicly available on court dockets do not satisfy this showing. *See Gray*, 707 F. App'x at 2-3 ("The district court did not abuse its discretion in denying appellant's motion for relief from judgment based on newly discovered evidence under Fed. R. Civ. P. 60(b)(2), as the public records upon which appellant relies could have been discovered previously through the exercise of diligence, and would not affect the court's [underlying decision]"); *Gleason v. Jansen*, 888 F.3d 847, 853 (7th Cir. 2018) (Wood, C.J.) (affirming the bankruptcy court and district court's conclusion "that evidence that was available at all times on PACER is not 'newly discovered'" pursuant to Rule 60(b)(2)); *Scutieri v. Paige*, 808 F.2d 785, 793 (11th Cir. 1987) (affirming the denial of a Rule 60(b)(2) motion based on "information contained in court records" because "[e]vidence that is contained in the public records at the time of trial cannot be considered newly discovered evidence."); *In re*

*Sokol*, No. 96-5082, 1997 WL 138440 (2d Cir. Mar. 21, 1997) (affirming the denial of a Rule 60(b)(2) motion based on "a state court order of restitution, which ha[d] been part of the public record for over four years"). Indeed, denial of Rule 60(b)(2) motions based on publicly available evidence is so routine that Judge Mehta recently described such a motion as "frivolous." *See Gray*, 320 F.R.D. at 325 (D.D.C.).

Plaintiff's motion should be denied for the simple reason that the allegedly "new" evidence has been published on this Court's docket for over four years. Any argument that Mr. Hardy's declaration is "new" or that Plaintiff could not have discovered it with reasonable diligence is therefore "frivolous." *See Gray*, 320 F.R.D. at 325. Plaintiff protests that it was "justifiably ignorant" of the declaration because the district court's opinion in *Watkins* "does not reference CRS." *See* Pl.'s Mot. 7. This, however, is an issue of Plaintiff's legal research. The fact remains that Mr. Hardy's declaration was published on this Court's docket over four years ago, which is sufficient to foreclose relief under Rule 60(b)(2). *See Gray*, 707 F. App'x at 2-3.

Plaintiff's motion should also be denied for the independent reason that Mr. Hardy's declaration would not change the outcome of this case. As Mr. Hardy explained, although the FBI ordinarily searches the CRS because that system lends itself to requests concerning a particular subject (e.g., the Cato Institute), the FBI does not *always* limit its search to the CRS. *Watkins*, which involved FOIA requests for "memorandums, policies, and other communication-related documents not specifically tied to an FBI investigation," 1st Hardy Decl. ¶ 31, was just such a case. Because the FBI determined that such documents could be located outside the CRS, it searched both the CRS and certain other locations. *See id.* ¶¶ 31–32; *see also* 2d Hardy Decl. ¶ 7. This case, however, does not concern a request for "memorandums, policies, and other communication-related documents not specifically tied to an FBI investigation," but rather a

particular subject, Cato. And, as the FBI has explained, "the CRS is the FBI system where all records responsive to Plaintiff's request would reasonably be found." 2d Seidel Decl. ¶ 5, ECF No. 30-1.

In an attempt to create a conflict between the declarations, Plaintiff mischaracterizes Mr. Hardy's declaration as saying "unambiguously that CRS searches are not likely to locate non-investigative records." Pl.'s Mot. 8. The declaration says nothing of the sort. Plaintiff appears to interpret Mr. Hardy's description of the requested memorandums, policies, and other communications-related documents in *Watkins* as "not specifically tied to an FBI investigation" to mean that non-investigative files are not located in the CRS. *See* Pl.'s Mot. 9. But Plaintiff takes that phrase entirely out of context. Mr. Hardy simply describes those documents as being non-investigative. That has nothing to do with whether non-investigative files are located in the CRS. To the contrary, Mr. Hardy explained that, in addition to investigative files, the CRS includes "records consisting of applicant, . . . intelligence, personnel, administrative, and general files." 1st Hardy Decl. ¶ 23. Mr. Hardy's declaration simply does not say what Plaintiff claims it says. And at any rate, it would not change the Court's conclusion that Defendants are entitled to summary judgment.

**B. Rule 60(b)(3): There Has Been No Misrepresentation by the FBI.**

Plaintiff's fallback argument, that the FBI committed misconduct by not attaching to its motion for summary judgment a declaration supporting an unrelated FOIA request, should be dismissed out of hand. To receive relief under Rule 60(b)(3), the movant must prove "by clear and convincing evidence," *Shepherd v. ABC*, 62 F.3d 1469, 1477 (D.C. Cir. 1995), that "the defendant's conduct prevented him from presenting his case fully and fairly," *Jordan v. DOL*, 331 F.R.D. 444, 451 (D.D.C. 2019) (quoting *Ramirez v. DOJ*, 680 F. Supp. 2d 208, 210 (D.D.C. 2010)). Because the FBI has done no such thing, Plaintiff has fallen far short of its evidentiary burden.

Not only was there no reason to file Mr. Hardy's declaration in this case, it would have been confusing had the FBI done so. Mr. Hardy's declaration concerned an entirely different FOIA request and supported the FBI's motion for summary judgment in an entirely different litigation. Knowing, for example, how the FBI searched for memorandums of understanding between the FBI and the VA, would not support the FBI's motion for summary judgment in this case. Furthermore, the FBI did nothing to prevent Plaintiff from presenting its case fairly and fully: the FBI filed Mr. Hardy's declaration on this Court's public docket over four years ago. If Mr. Hardy's declaration was truly relevant to this case—which it is not—Plaintiff's failure to cite the declaration while this case was pending is attributable only to Plaintiff's failure to search the D.D.C. docket.

As legal authority, Plaintiff cites only a handful of cases that involve a defendant's failure to produce discovery to which the plaintiff was entitled. *See* Pl.'s Mot. 10–11. But, as Plaintiff readily admits, discovery is generally not appropriate in FOIA cases. *See Baker & Hostetler LLP v. DOC*, 473 F.3d 312, 318 (D.C. Cir. 2006). And Plaintiff disclaims any entitlement to discovery. *See* Pl.'s Mot. 11. Mr. Hardy's declaration simply is not analogous to discovery that a defendant is required to provide; not only is the declaration irrelevant to this case, Defendants did nothing to prevent Plaintiffs from accessing the declaration, which has been publicly available all along. Plaintiff's request for relief under Rule 60(b)(3) should be rejected.

## IV. Conclusion

For the forgoing reasons, Plaintiffs' Motion for Relief from Judgment should be denied.

Dated: November 2, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

Benjamin Takemoto
BENJAMIN T. TAKEMOTO
(DC Bar # 1045253)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*